# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-1228

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Ruben Retamoza-Sanchez, also known | * | |
| as Adolph Medina, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted: August 4, 1999
Filed: August 10, 1999

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Ruben Retamoza-Sanchez was charged with being found in the United States without lawful permission after previously having been arrested and deported, in violation of 8 U.S.C. § 1326(a). He pleaded guilty to that offense, reserving the right to appeal the district court's[1] pretrial ruling excluding defense evidence. Retamoza-Sanchez appeals, arguing that he should have been permitted to present evidence of

_____

[1]The HONORABLE THOMAS M. SHANAHAN, United States District Judge for the District of Nebraska.

his wife's petition to the Immigration and Naturalization Service (INS) for permanent residence status for Retamoza-Sanchez, and the INS's notice of approval of that petition, because this is post-deportation documentary evidence of his good faith belief that he had permission to re-enter the United States after being deported. We assume this issue was properly preserved and reject it on the merits. Retamoza-Sanchez admitted that he entered the United States illegally in July 1995, some two months prior to the INS notice approving his wife's petition. Moreover, the notice clearly stated, "THIS FORM IS NOT A VISA, NOR MAY IT BE USED IN PLACE OF A VISA." Thus, the excluded evidence did not support a defense to the charge that Retamoza-Sanchez violated § 1326(a). See United States v. Gonzalez-Chavez, 122 F.3d 15 (8th Cir. 1997).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.